UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL DETRANT,<br><br>Defendant. | No. 2:22-cr-00244-DJC-1<br><br>ORDER GRANTING MOTION TO WITHDRAW PLEA |

Defendant Gabriel Detrant was indicted by the United States of America for violating 18 U.S.C. § 922(g)(1), which prohibits convicted felons from possessing a firearm. After having pleaded guilty to the single count, Defendant now seeks to withdraw his guilty plea. For the reasons set forth below, the Court GRANTS Defendant's Motion to Withdraw Guilty Plea (ECF No. 46).

## BACKGROUND

Defendant was indicted by the Government on December 8, 2022. (*See* Not. of Mot. and Mot. to Withdraw Guilty Plea; Mem. of P. and A. (ECF No. 46) at 2 ("Motion" or "Mot."); *also* ECF No. 11 (providing the indictment).) Defendant pleaded guilty to an "open" plea (that is, a plea deal without any written agreement with the Government) on May 18, 2023. (*See* Mot. at 2; *also* ECF No. 33 (providing the factual

1

basis for the plea).)  Defendant then moved to withdraw his open plea on October 10, 2023.  The Court heard arguments on November 2, 2023, where Assistant United States Attorney Haddy Abouzeid appeared for the Government, and Public Defender Hannah R. Labaree appeared for Defendant.  (*See* ECF No. 53.)  The matter is now fully briefed.

**DISCUSSION**

For an accused seeking to withdraw their plea, there are three critical stages of the proceedings, each with its own standard.  *See* Fed. R. Crim. P. 11(d)–(e).  First, before accepting the plea and before sentencing, the accused may withdraw their plea "for any reason or no reason[.]"  *Id.* 11(d)(1).  Next, after the court accepts the plea but before sentencing, a court may reject the plea under Federal Rule of Criminal Procedure 11(c)(5) or if the defendant "can show a fair and just reason for requesting the withdrawal."  *Id.* 11(d)(2)(A)–(B).  Finally, after the court accepts the plea and after sentencing, "the defendant may not withdraw a plea of guilty or *nolo contendere*, and the plea may be set aside only on direct appeal or collateral attack."  *Id.* 11(e).  Here, Defendant seeks withdrawal at the second stage, where Defendant must "show a fair and just reason for requesting the withdrawal."  *Id.* 11(d)(2)(B).  (*See* Mot. at 1.)

As evident from the structure of Rule 11, "'[o]nce the plea is accepted, permitting withdrawal is, as it ought to be, the exception, not an automatic right.'"  *United States v. Minasyan*, 4 F.4th 770, 779 (9th Cir. 2021) (quoting *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009)), *cert. denied*, 142 S. Ct. 928 (2022).  "Although [the fair and just reason] standard is liberal, it must be consistent with 'Rule 11's purpose of ensuring some finality at the time pleas are accepted.'"  *Id.* at 778 (quoting *Ensminger*, 567 F.3d at 593 (quoting *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987))).

Defendant bears the burden of establishing a "fair and just reason."  *See Minasyan*, 4 F.4th at 779.  The Ninth Circuit has repeatedly found that this standard has been met in cases presenting "inadequate Rule 11 plea colloquies, newly

discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the [Defendant] entered [their] plea." *Id.* (quoting *Ensminger*, 567 F.3d at 590–91 (citations omitted)).  A "fair and just" reason also includes: (1) "[a] marked shift in governing law that gives traction to a previously foreclosed or unavailable argument . . . [,]" *United States v. Garcia-Lopez*, 903 F.3d 887, 891 (9th Cir. 2018) (quoting *Ensminger*, 567 F.3d at 592); and (2) bad legal advice that "could plausibly have motivated a reasonable person in [Defendant's] position not to have pled guilty." *United States v. McTiernan*, 546 F.3d 1160, 1168 (9th Cir. 2008).  Defendant need not show that his arguments will be successful on the merits.  *See Garcia-Lopez*, 903 F.3d at 891 (quoting *McTiernan*, 546 F.3d at 1168).  Defendant also does not need to show that the prior plea was invalid, nor proclaim innocence, and the failure to proclaim innocence cannot be used against Defendant.  *See United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005).

Here, Defendant argues that the Court should find that there is a "fair and just reason" because: (1) Defendant was not advised of his non-frivolous legal claim under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ----, 142 S. Ct. 2111 (2022); (2) there exists a change in circumstances provided by the Third Circuit's decision in *Range v. Attorney General of the United States of America*, 69 F.4th 96 (3d Cir. 2023) (*en banc*), that struck down 18 U.S.C. § 922(g)(1) in an as-applied challenge, the same statute at issue here; and (3) there exists another change in circumstances provided by the Ninth Circuit's decision in *Baird v. Bonta*, 81 F.4th 1036 (9th Cir. 2023), where the Ninth Circuit remanded a decision from the Eastern District of California to analyze the merits of the Second Amendment challenge for the at-issue preliminary injunction, citing favorably to *Range*.  (*See* Mot. at 5.)  The Government argues that Defendant has brought forth no sufficient reason to withdraw his plea because *Bruen* was decided well before Defendant pleaded guilty (*see* ECF No. 49 at 6 and n.3 (providing the Government's Opposition)), because *Bruen* and its progeny did not disturb established Ninth Circuit precedent upholding such laws (*see id.* at 3–

5, 6), because *Range* and the cases relying on it are non-binding authority (*see id.* at 5–6), and because there cannot be deficient counsel for failing to advise Defendant to challenge a statute upheld under prior circuit precedent (*see id.* at 6–7).

The Court finds that Defendant has established a fair and just reason in light of the rapidly evolving legal landscape Defendant has shown through *Bruen*, *Range*, and *Baird*, which indicate a heightened receptivity to the sorts of challenge Defendant seeks to bring, and which therefore establishes "[a] marked shift in governing law that gives traction to a previously foreclosed or unavailable argument . . . ." *Ensminger*, 567 F.3d at 592.  While Defendant's focus is on the Third Circuit's decision in *Range*, which is readily distinguishable from Defendant's circumstances,[1] the Court cannot ignore the uncertainty in the law surrounding the Second Amendment in light of the Supreme Court's decision in *Bruen*.  Several courts have called 18 U.S.C. § 922(g)(1) into question, both on an as-applied basis, as in *Range*, and on its face, *see United States v. Prince*, No. 22-CR-240, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023); *United States v. Freeman*, --- F. Supp. 3d ----, No. 23-CR-158, 2023 WL 7325934 (N.D. Ill. Nov. 7, 2023).  While the undersigned recently held that this Court is bound by the Ninth Circuit's decision in *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010), *see United States v. Broadbent*, No. 2:19-CR-00155-DJC, 2023 WL 6796468 (E.D. Cal. Oct. 13, 2023), the Ninth Circuit could well revisit its own precedent in light of *Bruen* and other developments in the case law.  Given the number of other firearms-related

---

[1] The Court is cognizant of the factual differences between Defendant, who has been convicted of many prior felonies, and the plaintiff in *Range*, whose sole conviction was for a misdemeanor violation of 62 Pennsylvania Statute Annotated § 481(a), which prohibits making a false statement to obtain food stamps, and whose criminal history was clean outside of that incident and a few minor traffic and parking infractions.  See *Range*, 69 F.4th at 98.  In fact, the only reason why the plaintiff in *Range* was subject to 18 U.S.C. § 922(g)(1)'s prohibition was because the misdemeanor was punishable by up to five years' imprisonment.  *See id. But see* Oral Argument Tr. at 101:11–20 (the Solicitor General noting that, recently, "a court invalidated Section 922(g)(1) . . . on its face as applied to the most violent and horrific crimes imaginable . . . [and that] several district courts[ ] have credited as-applied challenges to Section 922(g)(1) by armed career criminals who have multiple convictions for aggravated assault, drug trafficking, armed robbery, [and] clearly violent crimes . . . ."), *United States v. Rahimi*, No. 22-915 (U.S. argued Nov. 7, 2023), *available at* https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/22-915_986b.pdf.

statutes that have been successfully challenged, the Court concludes that it would be fair and just to permit Defendant to withdraw his plea at this time.  *See, e.g.*, *Duncan v. Bonta*, No. 17-CV-1017-BEN (JLB), 2023 WL 6180472 (S.D. Cal. Sept. 22, 2023) (holding California's ban on extended magazines containing more than 10 rounds unconstitutional after applying *Bruen*); *Miller v. Bonta*, --- F. Supp. 3d ----, No. 19-cv-01537-BEN (JLB), 2023 WL 6929336 (S.D. Cal. Oct. 19, 2023) (holding California's regulations regarding "assault weapons" unconstitutional, enjoining enforcement of Cal. Penal Code §§ 30515(a)(1)–(8), 30800, 30915, 30945); *Srour v. New York City, New York*, --- F. Supp. 3d ----, No. 22 CIV. 3 (JPC), 2023 WL 7005172 (S.D.N.Y. Oct. 24, 2023) (holding that several portions of New York's amendments to its licensing scheme were facially unconstitutional under *Bruen*); *Rigby v. Jennings*, 630 F. Supp. 3d 602 (D. Del. 2022) (finding that the plaintiff established a likelihood of success on the merits of their *Bruen* challenge to Connecticut's law regulating untraceable firearms); *United States v. Connelly*, --- F. Supp. 3d ----, No. EP-22-CR-229(2)-KC, 2023 WL 2806324 (W.D. Tex. Apr. 6, 2023) (holding that 18 U.S.C. § 922(d)(3) is unconstitutional, which makes it unlawful to sell a firearm to someone the seller has reasonable cause or knowledge to believe that the purchaser is an unlawful user of or addicted to any controlled substance); *United States v. Hicks*, 649 F. Supp. 3d 357 (W.D. Tex. 2023) (holding that 18 U.S.C. § 922(n) is unconstitutional, which makes it unlawful to receive a firearm while under indictment for a crime punishable by more than one-year imprisonment); *Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, --- F. Supp. 3d ----, No. 3:22-CV-410, 2023 WL 3355339 (E.D. Va. May 10, 2023) (holding that various provisions of 18 U.S.C. § 922 prohibiting the possession of firearms by those over 18 years old but under 21 years old were unconstitutional).

The significant and sudden changes in Second Amendment jurisprudence make this case unique.  The Court heeds the Ninth Circuit's caution that "development in non-binding authority such as a district court decision in another circuit . . . is not a change in the law in this sense and therefore does not constitute 'intervening

circumstances' satisfying a defendant's burden under Rule 11(d)(2)(B)." *Ensminger*, 567 F.3d at 592.  And while *Range*, standing in isolation, would not be sufficient for Defendant to justify withdrawing his plea, the situation here is broader than one out-of-circuit case.  Also distinguishing *Ensminger* is that while the constitutional challenge in that case was "well explored by the time Ensminger entered his guilty plea," *id.* (collecting cases), it is difficult to argue that Second Amendment jurisprudence is settled, with the Supreme Court having heard argument in *United States v. Rahimi*, concerning 18 U.S.C. § 922(g)(8)'s prohibition on the possession of firearms by individuals subject to a domestic violence restraining order, less than two weeks after Defendant made the instant request.

Finally, unlike in *Ensminger*, Defendant's counsel declared that Defendant was not advised to bring a *Bruen* challenge.  *Compare with Ensminger*, 567 F.3d at 592–93 ("Ensminger offers no valid excuse for his failure to timely bring a constitutional challenge to the statute by the pre-trial motions deadline.  He does not allege, for example, that his counsel deficiently failed to advise him regarding the availability of a motion to dismiss his indictment on this basis.")  As one court has recognized while granting a motion to vacate a prior plea in a habeas petition, "an attorney can be found deficient if she fails to raise a claim whose merit is 'clearly foreshadowed' at the time[,]'" *Guerra v. United States*, No. EDCR 19-114 JBB-3, 2023 WL 6786783, at *6 (C.D. Cal. Mar. 20, 2023) (quoting *Chase v. MaCauley*, 971 F.3d 582, 594 (6th Cir. 2020)), because "[o]ther lawyers around the country were spotting this argument . . . and either winning it or preserving the issue." *Id.* at *7.  The potentially deficient performance of counsel here is sufficient justification to establish a fair and just reason to withdraw the plea.  *See, e.g.*, *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005); *McTiernan*, 546 F.3d at 1167–68.

////

////

////

**CONCLUSION**

It is now clear that, whatever the ultimate merits of the argument, *Bruen* and its progeny constitute a "plausible" ground for dismissal that should be raised in advance of any guilty plea. However, given the specific facts of this case, including that Defendant entered an open plea, that courts had not yet concluded that 18 U.S.C. § 922(g)(1) was arguably unconstitutional, and that defense counsel had not advised Defendant that he should bring a motion to dismiss if only to preserve the Second Amendment argument, the Court concludes that Defendant has provided a fair and just reason to withdraw his previously-entered guilty plea.

For the reasons set forth above, the Court GRANTS Defendant's Motion to Withdraw Guilty Plea (ECF No. 46).

IT IS SO ORDERED.

Dated:   **November 14, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Detrant.22cr244.Plea.Withdrawal